IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | In proceedings under |
|   Phyllis Marie Morrison | ) | Chapter 13 |
| | ) | |
| | ) | |
|   Debtor(s). | ) | Bk. No.: 21-30886 |
| | ) | |

CHAPTER 13 TRUSTEE'S OBJECTION
TO DEBTOR(S)' AMENDED PLAN TWO

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

**COMES NOW,** RUSSELL C. SIMON, Chapter 13 Trustee, and files this his Objection to Debtor(s) Amended Plan Two and in support thereof would respectfully show unto this Court the following (only those items checked apply):

1. ___ The Debtor(s)' Plan is not feasible. [Disposable Income: $0.00 Plan Payment: $0.00]

2. ___ As of , the proposed Plan does not provide sufficient funding to pay all allowed secured/priority claims, as well as any required distribution to allowed general unsecured claims. The Trustee's plan calculation* has been emailed to counsel. [Current Base: $0.00 Estimated Minimum Req'd Base: $0.00]

3. ___ Pursuant to Form 122C-2, Line 45, the Plan must provide a minimum payment to all allowed non-priority unsecured claims of the lesser amount of $0.00 or 100%.

4. ___ The Plan proposed by the Debtor(s) fails to address the following secured and/or priority claims: .

5. ___ The Plan does not provide for payment of all of the Debtor(s)' disposable income. [Disposable Income on Sch. J: $0.00   Plan Payment: $0.00]

6. ___ Pursuant to 1325(a)(4), the amount necessary to pay all classes of unsecured creditors is $0.00; however, Debtor(s)' Plan only proposes to pay $0.00.

7. _X_ Pursuant to the Proof of Claim filed by Illinois Department of Revenue on 5/25/22, the Debtor(s) have not filed their 2021 tax returns. The Debtor(s) must provide the Trustee with evidence that these returns have been filed.

   If the Debtor(s) assert that they have filed the tax returns indicated on the tax agency's Proof of Claim as not filed, they must file an Objection to said Proof of Claim and/or otherwise have the taxing agency file an Amended Proof of Claim to set forth the correct amount of their priority debt, if any.

8. _X_   Other:   a. The funding paragraph of amended plan #2 provides the first tier of plan payments from the start month of 1 and end month of 5 with the monthly payment amount of $2,040.00. However, it appears that this was intended to be a total paid in plan. If that is the Debtor's intention then total paid in language must be in the funding paragraph to specify what month the TPI is through.

b. Paragraph 10 of the amended plan #2 fails to lists an amount that is to be paid to the allowed non-priority unsecured claims. The plan must be amended to correct this discrepancy.

*The parties are advised that the plan calculation is subject to change based upon numerous factors, including, but not limited to, a change in the Trustee's percentage fee; missed or late plan payments; the filing of proof of claims in amounts substantially different from the amounts scheduled in the debtor(s)' plan; and the filing of amended proof of claims.

**WHEREFORE, PREMISES CONSIDERED,** Russell C. Simon, Chapter 13 Trustee, respectfully prays that this Court deny confirmation of the Debtor(s)' Plan, and grant him such other and further relief, both in law and in equity, to which he shows himself justly entitled.

/s/ **Russell C. Simon**
RUSSELL C. SIMON, Trustee
Chapter 13 Trustee
24 Bronze Pointe
Swansea, Illinois  62226
Telephone: (618) 277-0086
Telecopier: (618) 234-0124

Dated: June 01, 2022
CN

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Trustee's Objection to Debtor(s)' Amended Plan Two was served on the parties listed below by ordinary U.S. Mail (with the correct postage prepaid and deposited in the U.S. Mail in Belleville, IL) or served electronically through the Court's ECF System at the email address registered with the Court on this day, Wednesday, June 1, 2022.

/s/Chantelle

Phyllis Marie Morrison
141 E Madison St
Columbia, IL  62236


A & L LICKER LAW FIRM LLC
1861 SHERMAN DR
ST CHARLES, MO 63303